Filed 8/26/24  P. v. Lemus CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>BENJAMIN ROMERO LEMUS,<br><br>   Defendant and Appellant. | G063044<br><br>(Super. Ct. No. 98NF1488)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Benjamin Romero Lemus of one count of first degree murder (Pen. Code, § 187; count 1),[1] one count of carrying a firearm in public while an active participant in a street gang (former § 12031, subd. (a)(2)(C); count 2), and one count of street terrorism (§ 186.22, subd. (a); count 3). As to count 1, the jury found true that defendant committed the murder by shooting from a motor vehicle with the intent to kill (§ 190.2, subd. (a)(21)) and that he personally used and discharged a firearm in the commission of the murder (§§ 12022.5, subd. (a), 12022.53, subd. (d)). The jury also found true allegations that counts 1 and 2 were committed for the benefit of or to promote a criminal street gang. (§ 186.22, subd. (b).)

The court sentenced defendant to life in prison without the possibility of parole for the first degree murder conviction plus a consecutive term of 25 years to life for the firearm enhancement. In 2002, another panel of this court affirmed the judgment. (*People v. Lemus* (July 31, 2002, G027219) [nonpub. opn.].) In May 2023, defendant filed a petition for resentencing under former section 1170.95 (now § 1172.6).[2]

The trial court summarily denied the petition, and defendant timely filed a notice of appeal. Appointed counsel indicates she has found no arguable issues but requests we exercise our discretion to independently review the record. Consistent with *Anders v. California* (1967) 386 U.S. 738, appointed counsel identified one issue to assist in our independent review: whether certain aiding and abetting language contained in the gang crime jury instructions allowed the jury to convict defendant on a theory of imputed

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

malice. Defendant was given the opportunity to file written argument on his own behalf, and he has done so. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232.)

We have examined the entire record and have not found an arguable issue on appeal. Accordingly, we affirm the postjudgment order.

FACTS

In May 2023, defendant filed a petition for resentencing and averred: "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [Citation.] [¶] 2. I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.] [¶] 3. I could not presently be convicted of murder or attempted murder because of changes made to [sections] 188 and 189, effective January 1, 2019."

The court appointed counsel for defendant and received additional briefing from the prosecution and defendant. Defendant argued the jury instructions delivered under CALJIC No. 8.11 (malice aforethought) and CALJIC No. 6.50 (gang crime) allowed the jury to convict him under a theory of implied malice.

In a statement of decision, the court held defendant was ineligible for relief on count 1 because the jury instructions "did not include any instruction upon which a derivative theory of liability for murder could

3

be reached." Instead, the court noted the instructions required the jury to find malice aforethought to convict defendant of first degree murder.

## DISCUSSION

Relief under section 1172.6 is restricted to those convicted of murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (*Id.*, subd. (a)(1).) "A petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that (1) the petitioner was the actual killer, or (2) the petitioner was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, (3) the petitioner was a major participant in the underlying felony and acted with reckless indifference to human life, or (4) the petitioner acted with malice aforethought that was not imputed based solely on participation in a crime." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

In determining whether the petitioner has made a prima facie case for relief under section 1172.6, the trial court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971.) The record of conviction includes the court's own documents, including the trial evidence, the jury instructions, and closing arguments of counsel. (*People v. Lopez*, *supra*, 78 Cal.App.5th at p. 13.) As our Supreme Court explained, "The record of conviction will necessarily inform the trial court's prima facie

4

inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

Here, the information charged defendant as the actual killer. Among other things, the information alleged defendant "did willfully, unlawfully and with malice aforethought murder [the victim]." It further alleged defendant did so intentionally and "by means of discharging a firearm from a motor vehicle, intentionally at another person or persons outside of the vehicle with the intent to inflict death . . . ."

The jury was instructed under, inter alia, CALJIC Nos 8.00 (homicide), 8.10 (murder), 8.11 (malice aforethought), 8.20 (deliberate and premeditated murder), 8.25.1 (drive-by murder), 8.80.1 (special circumstances—introductory), and 8.81.21 (special circumstances— intentional discharge of a firearm from a motor vehicle). CALJIC No. 8.10 instructed the jury that murder requires the mental state of malice aforethought. The jury also was instructed it could reach first degree murder if it found there was: (1) a deliberate and premeditated murder (CALJIC No. 8.20), or (2) a drive-by murder (CALJIC No. 8.25.1). Both of those theories required proof of intent to kill, and the jury ultimately convicted defendant of first degree murder. We further note the court did not instruct on the felony-murder theory, the natural and probable consequences doctrine, accomplice liability as a major participant with reckless indifference to human life, or any other theory where malice was imputed based solely on defendant's participation in a crime. The record accordingly demonstrates defendant is ineligible for relief.

As noted *ante*, appointed counsel questions whether certain aiding and abetting language contained in CALJIC No. 6.50 (gang crime) allowed the jury to convict defendant on a theory of imputed malice. In his

5

supplemental brief, defendant similarly contends the jury may have convicted him on a theory of imputed malice because the jury was given an "incorrect instruction on implied malice" under CALJIC No. 8.11 along with aiding and abetting instructions contained in CALJIC No. 6.50. We find no error in the CALJIC No. 8.11 instructions. CALJIC No. 8.11 defined express malice as "an intention unlawfully to kill a human being." The instruction further stated malice is implied when "1. The killing resulted from an intentional act, [¶] 2. The natural consequences of the act are dangerous to human life, and [¶] 3. *The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life.*" (Italics added.) The instructions did not allow implied malice to be imputed solely from the natural consequences of the act because it required a mental component— knowledge of the danger to and conscious disregard for human life.

As to CALJIC No. 6.50, that instruction applied to defendant's street terrorism conviction. As given, CALJIC No. 6.50 provided, in pertinent part: "Every person who actively participates in any criminal street gang with knowledge that the members are engaging in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, is guilty of a violation of . . . section 186.22(a), a crime." The final paragraph of CALJIC No. 6.50 stated: "In order to prove this crime, each of the following elements must be proved: [¶] 1. A person actively participated in a criminal street gang; [¶] 2. The members of that gang engaged in or have engaged in a pattern of criminal gang activity; [¶] 3. That person knew that the gang members engaged in or have engaged in a pattern of criminal gang activity; and [¶] 4. That person *aided and abetted member*[s] *of that gang in committing the crime of . . . murder.*" (Italics added.) The latter reference to

6

aiding and abetting is the only reference to aiding and abetting in the jury instructions. There is no reasonable probability the jury relied on this language and improperly combined it with CALJIC No. 8.11 as defendant suggests because the only theory presented to the jury was that defendant was the actual perpetrator.

*People v. Langi* (2022) 73 Cal.App.5th 972, 975 (*Langi*), which defendant cites, is distinguishable. In *Langi*, the defendant was convicted of implied malice murder for aiding and abetting a group beating that caused the victim's death. (*Langi*, at pp. 975, 983-984.) The jury was instructed on implied malice murder (CALJIC No. 8.31) and aiding and abetting (CALJIC No. 3.01). (*Langi*, at p. 981.) Given those instructions, the court held the jury could have found the defendant guilty of aiding and abetting a second degree murder on a theory of imputed malice, which entitled him to an evidentiary hearing under section 1172.6. (*Langi*, at pp. 983-984.) The jury in the instant case, unlike the jury in *Langi*, was not provided with similar aiding and abetting instructions. The only aiding and abetting language appeared in CALJIC No. 6.50, which applied to defendant's street terrorism conviction.

Defendant next argues the jury's true findings on the firearm enhancements do not render him ineligible for relief. The trial court did not rely on the firearm enhancements to deny defendant's petition. We likewise need not address the jury's true findings on the firearm enhancements because defendant is ineligible for relief on other grounds.

Finally, defendant claims the special circumstance instructions for intentional discharge of a firearm from a motor vehicle (CALJIC No. 8.81.21) did not specifically refer to defendant and instead referred to the "perpetrator." He concludes the jury did not find he discharged the firearm

7

with the intent to kill. Defendant's argument overlooks the rest of the special circumstance instructions. CALJIC No. 8.80.1 instructed the jury as follows: "If you find [*the*] *defendant* in this case guilty of murder of the first degree, you must then determine if the following special circumstance [is] true or not true: intentional discharge of a firearm from a motor vehicle." (Italics added.) CALJIC No. 8.83.1 also stated the jury could not find the special circumstance true unless "the proved surrounding circumstances are not only, (1) consistent with the theory that th*e defendant had the required* [*specific intent*] [mental state], but (2) cannot be reconciled with any other rational conclusion." (Italics added.) Defendant's argument is accordingly undermined by the record.

For the foregoing reasons, the record demonstrates defendant is ineligible for relief.


## DISPOSITION

The postjudgment order is affirmed.



SANCHEZ, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

8